Van Voorhis, J.
(concurring). For reasons cogently stated in Judge Breitel’s opinion herein, as it seems to me, probable cause to arrest is not necessary where there is reason to suspect that a particular individual is unlawfully carrying a dangerous weapon, or possesses a bomb on an airplane, a nuclear device in the Grand Central Station or in some comparable *344 situation. In my view there is no legal difference between the situation here presented and the situations which confronted the court in People v. Rivera (14 N Y 2d 441, cert. den. 379 U. S. 978), People v. Pugach (15 N Y 2d 65, cert. den. 380 U. S. 936), People v. Peters (18 N Y 2d 238) or People v. Sibron (18 N Y 2d 603). In either instance it is suspicion engendered by some circumstance short of constituting probable cause to make an arrest that justifies the invasion of a defendant’s person for the discovery of a dangerous weapon. It does not matter whether the suspicion is created by an anonymous telephone call from an unknown informer or the suspicious presence of the defendant in the hall of an apartment house, his behaviour in front of a store on the street, or the protrusion of some concealed object in his clothing which proves to be a knife or a revolver. In the Peters and Sibron cases the writer differed with the court majority only in that it seemed to him that frisking a man’s person to discover a revolver, based on suspicion rather than upon probable cause for arrest, could not lead to his arrest and conviction unless what was discovered was a weapon. Peters possessed burglar’s tools and Sibron had heroin in his pocket. I thought that the possibility of immediate danger, to the police officer or to the public, arising from the possession of a dangerous weapon was all that justified invading his person for the discovery of weapons, and that, unless weapons were found upon him, the invasion of his person could not be turned to account by the prosecution to convict him of anything other than illegally carrying a weapon. If the thinking of the majority in Peters and Sibron or my own more limited construction be followed, there is no reason, on account of which this appellant could not have been adjudged a youthful offender, as he was on his plea of guilty, of attempted felonious possession of a firearm. It is not necessary that there shall have existed probable cause to make an arrest. If there was reasonable basis for suspicion, as arose from the information furnished by an anonymous informer, the police could search him for a weapon which was uncovered when they did so. This was, in my view, tantamount to a frisk. I agree that the judgment and the order denying the suppression of evidence should be affirmed.